IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**TYRONE EASTER**                                                    **PLAINTIFF**

v.                          Civil No.: 09-3068

**CARROLL COUNTY DETENTION CENTER**                **DEFENDANT**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. 1983." ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 1, be **DISMISSED** with prejudice for failure to prosecute this action, and for failure to obey an Order of the Court.

### I.   BACKGROUND

Mr. Easter, Plaintiff herein, filed this case naming the Carroll County Detention Center as the sole Defendant. ECF No. 1. As the Carroll County Detention Center is a building, and not an entity capable of being sued, the Court issued an Order on May 7, 2010, ECF No. 6, directing Plaintiff to complete and return an addendum which had been prepared by the court. *Id.*

Plaintiff has failed to return the addendum as required by the Order of the undersigned. While mail sent previously to Plaintiff had been returned to the Court, a change of address was entered for Plaintiff well before the Order at issue was entered. ECF No. 5. Moreover, no mail sent to Plaintiff's new address of record, including the Order at issue, was ever returned to the Court. Plaintiff has not otherwise contacted the Court to pursue this litigation.

2. **APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III. DISCUSSION**

Plaintiff has had ample time to request an extension of time or respond to the Court's Order. Without the completion of the addendum sent to Plaintiff by the Court, this case is unable to be served or to move forward. It is clear from the docket sheet that Plaintiff has received the Order of the Court, and he was notified in that order that his failure to return the addendum could cause his Complaint to be dismissed for failure to prosecute and/or failure to obey an order of the court. ECF No. 1.

**IV. CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 10th day of September 2010.

>*/s/ J.  Marschewski*
>HON.  JAMES MARSCHEWSKI
>UNITED STATES MAGISTRATE JUDGE